THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| AISLYN BATISTA ACEVEDO, et al., <br><br> Plaintiffs, <br><br> v. <br><br> PRESBYTERIAN COMMUNITY HOSPITAL INC. d/b/a ASHFORD PRESBYTERIAN COMMUNITY HOSPITAL, et al., <br><br> Defendants. | Civ. No. 22-cv-01468 (MAJ) |

**OPINION AND ORDER**

**I.     Introduction**

On September 27, 2022, Plaintiffs filed the instant action against Defendants Presbyterian Community Hospital, Inc. d/b/a Ashford Presbyterian Community Hospital ("Ashford") and Doctors' Center Hospital Bayamon, Inc. d/b/a Doctors' Center Hospital Bayamon ("Doctors") for alleged violations of the Emergency Medical Treatment and Labor Act ("EMTALA"), 42 U.S.C. § 1395. (**ECF No. 1**). Plaintiffs also filed supplemental claims for medical malpractice under 31 L.P.R.A. §§ 10801, 10806 against Ashford, Doctors, and numerous physicians. *Id*. Plaintiffs are seeking monetary, punitive, and special damages.[1] *Id*. Pending before the Court is Defendant Dr. Esteban Ramos-Álvarez' ("Defendant") Motion to Strike Paragraphs 88 and 103 of the Complaint. (**ECF No. 125**).

---

[1] Plaintiffs are also suing various insurance companies, the conjugal relationships of the physicians named, unnamed paramedics and physician assistants, and related business entities. (**ECF No. 1**).

Plaintiffs filed a response. (**ECF No. 164**). Thereafter, Plaintiffs filed an Amended Complaint. (**ECF No. 224**). The disputed paragraphs are included in the Amended Complaint, but are now under paragraphs 87 and 102. *Id.* at 14 and 15. For the reasons stated hereafter, the Court **DENIES** Defendant's Motion to Strike.

## II. Legal Standard

"Pursuant to Rule 12(f), a court may strike all or part of a pleading for insufficiency, redundancy, immateriality, impertinence, or scandalousness." *Reverse Mortg. Sols., Inc. v. Est. of Velez -Yumet*, 16-cv-2530 (CCC), 2017 WL 3316045, at *1 (D.P.R. July 31, 2017) (citing Fed. R. Civ. P. 12(f)). Notably, "while ruling on a motion to strike is committed to the district court's sound judgment, such motions are narrow in scope, disfavored in practice, and not calculated readily to invoke the court's discretion. This is so because striking a portion of a pleading is a drastic remedy . . ." *Manning v. Boston Med. Ctr. Corp.,* 725 F.3d 34, 59 (1st Cir. 2013) (internal citation and quotations omitted). It must be shown that "the allegations being challenged are so unrelated to the plaintiff's claims as to be unworthy of any consideration as a defense and that their presence in the pleading throughout the proceeding will be prejudicial to the moving party." *Marrero-Rolon v. Autoridad de Energia Electrica de P.R., 15-cv-1167 (JAG),* 2017 WL 3584890, at *1 (D.P.R. Jan. 3, 2017) (internal citations and quotations omitted). Plainly, "the proponent of such a motion must carry a formidable burden." *Reverse Mortg. Sols., Inc.,* 2017 WL 3316045, at *1.

## III. Analysis

The paragraphs in dispute read as follows:

87: Upon information and belief, on or before September 29, 2021, Dr. Ramos has been sued for medical malpractice.

> 102: Upon information and belief, on or before September 29, 2021, Ashford knew that Dr. Ramos, Dr. Morales, Dr. Rentas, Dr. Cuff, Dr. Feliciano, Dr. Vale, Dr. Pezzotti, Dr. González, Dr. Eguia, Dr. Álvarez, Dr. D'Acosta, Dr. Toro[,] and Dr. Key had been sued for medical malpractice.

(**ECF No. 224 at 14 and 15**).

Defendant argues the above paragraphs should be stricken from the Amended Complaint because they are "totally immaterial and impertinent to the present claim, ha[ve] no bearing on any legitimate issue, and are unfairly prejudicial to [the] appearing party." (**ECF No. 125 at 1 ¶ 3**). Defendant cites Rule 404(b)(1) of the Federal Rules of Evidence in support, maintaining it is impermissible for Plaintiff to introduce this evidence to "prove a person's character in order to show that on a particular occasion[,] the person acted in accordance with that character." *Id*. at 2 ¶ 7. Defendant also argues—in essence—that the allegations are unduly prejudicial and will likely confuse the jury. *Id*. at ¶ 10.

In response, Plaintiff asserts "[t]he allegations requested to be stricken from the record by [D]efendant are not meant to prove or suggest that [Defendant] had a propensity for negligence. Instead, the allegations are made to establish [Ashford's] knowledge of prior medical malpractice claims against the doctors." (**ECF No. 164 at 5**). Thus, Plaintiff argues, the allegations are permissible to demonstrate knowledge on the part of Ashford pursuant to Federal Rule of Evidence 404(b)(2). *Id*.

The Court agrees, and thus finds that the allegations are material and pertinent to a legitimate issue in this case. "[T]he hospital's knowledge of the existence of prior lawsuits is an essential factor in determining whether or not the hospital exercised reasonable care in granting a physician staff privileges." *Morales v. Monagas*, 723 F. Supp. 2d 416, 421 (D.P.R. 2010). Moreover, "by design, all evidence is meant to be

prejudicial." *U.S. v. Morales-Aldahondo*, 524 F.3d 115, 119 (1st Cir. 2008) (internal citation and quotation omitted). Rule 403 shields "against unfair prejudice, not against all prejudice." *U.S. v. Whitney*, 524 F.3d 134, 141 (1st Cir. 2008) (internal citation, quotation, and emphasis omitted). "To the extent Defendant is concerned about prejudice before a jury, Defendant may, at an appropriate time, raise appropriate evidentiary issues by filing a motion in *limine.*" *Foshee v. LVNV Funding, LLC, 12-cv-02630-RDP,* 2012 WL 4761746, at *1 n. 1 (N.D. Ala. 28, 2012). However, at this time, Defendant has not met his "formidable burden" such that the Court should employ the disfavored practice of striking the paragraphs in dispute. *Reverse Mortg. Sols., Inc.,* 2017 WL 3316045, at *1.

Accordingly, Defendant's Motion to Strike Paragraphs 87 and 102 of the Amended Complaint is **DENIED**. (**ECF No. 125**).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 27th day of March, 2023.

S/ MARÍA ANTONGIORGI-JORDÁN<br>**United States District Judge**